UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| GARRY R. WALSH, ) | |
| ) | 3:06-cv-00475 JWS |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| ZACHARY MARKHAM, et al., ) | [RE:   Motion at docket 9] |
| ) | |
| Defendants. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 9, Judge Thomas B. Lindberg and Judge Robert M. Brutinel (jointly, "the Judges") move to dismiss all of the claims pled against them by plaintiff Garry R. Walsh ("Walsh").  The motion has been fully briefed.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

Walsh filed a complaint in this court naming the Judges and several other defendants on February 14, 2006.[1]  Walsh explained the source of the claims against the Judges in his complaint as follows: "This Case involves a divorce . . . in the Superior Court of Arizona, Yavapai County.  The presiding Judge for Yavapai County is the

---
[1]Doc. 1.

Honorable Judge Robert M. Brutinel and the recused trial Judge originally assigned to the case was the Honorable Judge Thomas B. Lindberg."[2] Walsh went on to allege with respect to his claim against Judge Lindberg: "The issues in this case are, that due to fraud, misrepresentation, violation of Court rules and collusion on the part of attorney Zachary Markham and a fundamental error, lack of subject matter jurisdiction, lack of impartiality, failure to order a constructive trust and abuse of discretion on the part of the trial Judge the Plaintiff has been impoverished and lost his entire life savings consisting of two homes and other personal property."[3] Walsh's claim against Judge Brutinel is that as the Yavapai County court's presiding judge his judicial duties included responsibility to supervise the performance of Judge Lindberg, but he failed to do so.[4]

Walsh's complaint prays for the recovery of compensatory damages, punitive damages and fees and costs.[5] There is pending a motion to amend the complaint filed by Walsh at docket 17. That motion will be addressed in a separate order. Suffice it to say for purposes of this order, that even if the motion at docket 17 were granted, it would have no impact on the analysis of the motion at docket 9 and no effect on the disposition of the motion at docket 9 set out below.

The Judges' motion asks the court to dismiss Walsh's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[6] The court will

---

[2] *Id.* at p. 2.

[3] *Id.* at p. 3.

[4] *Id.* at pp. 8-9.

[5] *Id.* at p. 10.

[6] Doc. 9.

discuss the application of each rule to the case at bar in the next section.

### III.  DISCUSSION

**A.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that a claim will be dismissed when the court lacks subject matter jurisdiction.  In the complaint, Walsh alleges that he is a resident of Washington, all defendants are residents of Arizona, and that there is more than $75,000 in dispute.  In effect, although he does not mention the statute in his complaint, Walsh seeks to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332. Walsh also attempts to plead a claim arising under federal law against Judge Brutinel,[7] a type of claim for which there would be jurisdiction pursuant to 28 U.S.C. § 1331.

The Judges' motion is not directed at an absence of jurisdiction under §§ 1331 and 1332 *per se*.  Rather, the Judges contend that the Eleventh Amendment forbids a federal court from exercising jurisdiction over damage claims against state judges acting in their official capacities.  Their argument is sound.[8]  Walsh would circumvent the argument by asserting that the claims against the Judges are pled against them in their individual capacities.  The problem with Walsh's ploy is that it is clear from his complaint that the actions or failures to act of which he complains were in fact actions or inactions taken in the exercise of the judicial powers of the Judges.  Even assuming the actions were wrong or even corrupt, they were nevertheless taken in pursuance of the judicial

---

[7]Doc. 1 at p. 5.  (Count 4 of the complaint.)

[8]*E.g., Atascadero State Hosp. v. Scanlon*, 473 U.S. 235 (1985) (recognizing that absent a waiver of sovereign immunity, the Eleventh Amendment precludes damage claims in federal court against a state or state official acting in his official capacity).

power which gave them authority over the divorce proceeding whose outcome Walsh says led to the financial ruin for which he seeks compensation in the case at bar.

There is an additional reason why dismissal under Rule 12(b)(1) is appropriate. In order to obtain relief here, Walsh would have to persuade this court that the decisions made in his divorce case were made incorrectly due to error, corruption, or whatever. Such a collateral attack on a state court judgment in a federal trial court is not proper. This court does not have the power to supervise or correct errors in state court proceedings.[9]

The Judges are entitled to summary judgment based on the application of Rule 12(b)(1).

**B.    Rule 12(b)(6)**

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[10]  The court is not required to accept every conclusion asserted in the complaint as true, rather the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[11] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim

---

[9] *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986).

[10] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[11] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

which would entitle him to relief."[12]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[13]

Walsh's claims against the Judges run into an insurmountable hurdle which makes dismissal under Rule 12(b)(6) appropriate.  The Judges have absolute immunity against his claims for damages.[14]  There are only two limitations on such immunity--judicial actions clearly taken in the total absence of jurisdiction, and actions which are not judicial in nature.[15]  A review of Walsh's complaint shows that neither exception applies to his claims.

While it may strike a layperson as unfair that judicial officers enjoy absolute immunity in the discharge of judicial business, a few moments reflection should suggest the obvious need for such immunity.  Without it, disappointed litigants would harass judges with the result being that our system of adversarial justice would eventually be tied up in knots.  As the United States Supreme Court has put it:

> A long line of this Court's precedents acknowledges that, generally, a judge is immune from suit for money damages.  Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon

---

[12] *Vignolo,* 120 F.3d at 1077.

[13] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[14] *E.g., Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (claims arising under federal law).   A.R.S. §12-820.01(A)(1) (claims arising under Arizona law).

[15] *Id.* at 1244.

his own convictions, without apprehension of personal consequences to himself."[16]

If this court has somehow erred in concluding that it lacks subject matter jurisdiction over Walsh's claims against the Judges, they would be entitled to summary judgment pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons above, the motion at docket 9 is **GRANTED**.  All of Walsh's claims against defendants Lindberg and  Brutinel are **DISMISSED**.

DATED at Anchorage, Alaska this 11th day of August 2006.

                                      /s/
                        JOHN W. SEDWICK
              UNITED STATES DISTRICT JUDGE

---

[16] *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (internal citations omitted) (quoting from *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).